Good morning, Michael Bone appearing on behalf of Appellant Saticoy Bay. Good morning, Kristen Schuler-Hines appearing on behalf of Respondent Lakeview Loan Servicing. All right, you may commence. Thank you, your honors. Michael Bone on behalf of Saticoy Bay. I got a notification from the argument, the recent Nevada Supreme Court case, Saticoy Bay McLaren versus Greentree. Was there anything in particular, any questions or did you just want to hear my argument regarding the matter? Well, Greentree seems to dispense with your, the sole argument you raised on appeal that NRS 116.31166 makes the recitals of defaulted foreclosure deed conclusive. It says that, in fact, subject to equitable concerns only. In fact, it says now that tender satisfies the super priority amount as a matter of law, so the statute is not effective. That the only argument raised on appeal, so perhaps you can tell us why that doesn't resolve your appeal here. What if I said because the opinion is wrong? That probably doesn't cut it. Let me start out by acknowledging that the law is clear that this court in construing Nevada statute is bound by the decisions of the highest court of the state, which is the Nevada Supreme Court. And the McLaren case, which is six weeks old, which was also my case, your honors, should be binding. And my problem with the McLaren case is that it relies on what they call the diamond spur case, which both were not decided in regards to general principles of law, including real property. The court in Shadow Wood did state that the recitals in the deed were conclusive as to those matters stated therein, including default, except in cases of equitable jurisdiction, or equitable relief, pardon me. And in order to gain equitable relief, you had to prove there was a reasonably low price, there was fraud impression on fairness, allegedly reasonably low price. You had to look at the actions of the complaining party and the rights of the bona fide purchaser. And that was our position in McLaren and our position before this court. Where I do believe that the Nevada Supreme Court got it wrong was, well, they didn't file a number of the principles of law and equity. In the diamond spur case, they mention that the issue was raised regarding the good faith belief of the party rejecting the payment. And the Nevada Supreme Court notes that it wasn't raised below, they really shouldn't consider it, the authorities that they cited didn't stand for it. Well, we did cite to this court, two authorities from Oklahoma and Kansas to say good faith belief controls and a tender is not effectual if there's a good faith belief, even if that belief is wrong. And another case says, if you make a condition on accepting this and you can't ask for anything further, that is a conditional tender, which is not valid. So we did cite those authorities to this court. I'll also point out the part in McLaren that cites a diamond spur was dictor based upon this part where they said it was actually properly raised. Diamond spur also rejected the common law rule as stated in the i.e. a junior lien holder doesn't act to satisfy the lien but acts as an assignment by equitable subrogation. The Supreme Court in Nevada and diamond spur says, well, the statute says an instrument must be recorded, but by operate, and so therefore any tender does not have to be recorded. Respectfully, a tender or an attempted tender needs to be recorded. And the restatement under section 6.4 notes, it's not good enough to have a theoretical discharge if you don't have something of public record to let third parties know there's a dispute over this lien. One of the things I've argued about from the beginning in many of these cases, and I've handled a number of these appeals, is that at the time to record a one-page document with the kind of recorder only costs $17. If at the time they sent the letter to, Miles Bauer sent the letter to the HOA, in this and hundreds of other cases before the district courts in Nevada and this court, they just recorded a notice. Litigation would be much different here, but they failed to do that. The Shadowood case does acknowledge that the court has to evaluate all the factors and determine to give equitable relief. I do believe McLaren would have been better decided if they say, we're going to evaluate all the factors because Shadowood also says the recital is conclusive absent grounds for equitable relief. So in asking for equitable relief, you have to look at all the factors and the court could very well say, look, both the HOA and the bank stand to lose a lot if this lien is deemed to be extinguished. We have a statute which changes common law lien priorities. I mean, common law going back to England, the law was unclear at the time, the parties were uncertain. The way to minimize the damage to all parties involved would be to say, okay, the tender satisfied. The HOA gets their nine months. They're not a defendant in the lawsuit for a wrongful foreclosure. The bank doesn't have its large lien on the property extinguished and the buyer to their property, here the client bought the property in September 2013 for $19,000 will be low market value. Many of the purchasers at these sales, even where the deeds of trust are said to have stand up, didn't lose or didn't lose a lot of money on these cases. So balancing all the equities, I think would be the way to go with the McLaren case. The Nevada Supreme Court did not do that. I understand again, that this court is bound by the holdings of McLaren, but the court can uphold it and make your own decision. Like I said, based upon just the equities, of course, it's certainly your discretion as to how you will determine this, but I really have nothing much more to say. And I have two and a half minutes left. Unless you have any questions, I'd like to reserve my time for your counsel. I don't know exactly what you mean when you want to balance the equities. What equities do you balance here? Well, in the Shadowwood case, they talk about the factors you look at. You look at the unreasonably low, you have to find an unreasonably low price. You have to find fraud, oppression or unfairness that amounts to and was done by the complaining party prior to the time of the foreclosure sale. The SFR case, the original case that the foreclosure sale does extinguish, said you can do lots of things. Get an injunction, record a lien, pay the full amount and sue for a refund. You know, small claims in Nevada is $10,000. You can pay the whole lien and get your relief in small claims or again for $17, record something and put the world on notice. And then you have the concept of bonus by the purchaser and what their rights would be. And again, you balance all this. You balance this with an unusual statute that changes priority, which has been part of the common law for hundreds of years. That wasn't really litigated, was very ambiguous to be nice about it and had to be clarified after much litigation and even statutory changes to the legislature. Just say, under the equities, the bank should have their deed of trust preserved. And that's my position on that issue. All right, we'll hear from, you can reserve the remainder of your time. We'll hear from opposing counsel. Good morning. May it please the court, Kristen Schuler-Hines on behalf of Lakeview Loan Servicing. Well, I appreciate Mr. Bone's arguments. Frankly, they're wrong. It's uncontested in this case that there was a tender of the super priority prior to the sale. It's uncontested that that amount was sufficient to cure the super There's no equity to balance here. A tender once made is made. The lien doesn't spring back into being because they rejected the tender. The loan is preserved. The Supreme Court has been abundantly clear that there is no requirement to record the tender. And while I appreciate Mr. Bone's equities, the banks thought that, hey, we don't have to pay it because the HOA say there's no super priority until after the bank forecloses. Well, do we get to rely on that and balance the equities that the bank believed that? The Supreme Court said, no. Thank you for believing that. You were wrong. You lose. And Mr. Bone's client has benefited mightily from that decision. In this case, it's not contested that the tender was made. It's not contested that the condition for what we had the right to insist on based on numerous divisions of the Nevada Supreme Court. There's no requirement to record the tender. There's no balancing of the equities question to be done here. There's no equities to balance. The tender was made. It preserved the deed of district court made the right decision. The Supreme Court and McLaren made the right decision. Does the court have any particular questions for banks counsel regarding this issue? Apparently not. I know I have lots of time, but really given the McLaren decision, I don't know how much more there could be to argue regarding Mr. Bone's argument regarding balancing the equities. You never get to balancing of equities because once that tender is made, that super priority lien is as good as paid. So there's no further discussion to be had as to whether it's more equitable to allow the bank to preserve its lien or allow somebody who bought the for a 10th of its value to cry foul that now they don't get the benefit of massive windfall because we didn't spend $17 to record a notice that we're not required to notice. So in this particular case, I would ask the court to uphold the decision made by the district court that the tender was valid, preserve the deed of trust and that Mr. Bone's client took the Thank you, your honors. Okay. You have a few seconds, I think for rebuttal, Mr. Bone. You're muted. Thank you. I really have nothing else to add. I think I've said it all and I'm happy to sit down on the record on the arguments on the record. All right. I think we have your arguments. The case of Lakeview Loan Servicing versus Saticoy Bay LLC Series 8952 College Green is submitted and we're now adjourned for this session and for the week. Thank you. Thank you, your honors.
judges: Siler, Ikuta, Nguyen